The opinion of the court was delivered by
Bermudez, C. J.
This is an action to recover certain calls or contributions due on stock, and the balance of a loan; the former secured by mortgage, the latter by a pledge of the shares.
*731 It is brought against the heirs of Henry M. Hyams, who are in possession.
Their defence is, that the claim is extinguished by confusion and prescription, and that no personal judgment can be rendered against them, as they are beneficiary heirs only.
The District Court non- suited the plaintiff with a reserve of right to proceed in a different form.
From the judgment they rendered the bank appeals.
The record shows that, in 1860, Henry M. Hyams became a stock holder of 292 original or 272 reduced shares of $100 each of the Citizens Bank, representing nominally $27,200, to be paid for as provided for by the charter; and, that he obtained from the bank in the place of his vendor a loan of $7884, for which he issued his note payable according'to the provisions of the charter, securing it by a pledge of his shares, the payment of which had been guaranteed by a special mortgage, with stringent clauses, on certain real estate.
In 1865, under the Act of Congress of July 17, 1862, proceedings were instituted against Hyams, for the confiscation of the property.
The bank intervened, asserted its claims, and a judgment of condemnation only being rendered, all the rights, title and interest which Hyams had in and to the property, that could be seized, sold and divested, under the act, were offered at public auction by the Marshal and adjudicated to the bank, which, after paying the charges, applied the residue to its claim.
Subsequently, in 1866, under the impression that it had acquired the absolute ownership, the fee and the right of enjoyment, the bank executed an act of sale of the same to Isaac S. Hyams, on certain terms, Henry M. Hyams intervening and ratifying what was sought to be done.
Later, in 1876, the vendee failing to respond to his engagements, under the act, the bank brought suit against him, had the property and the shares seized and advertised for sale and became the adjudicatee.
Further on, Henry M. Hyams having departed this life, his heirs brought suit, in 1886, before the United States Circuit Court to be declared the owners of the property and shares, and judgment was rendered thus recognizing them, with a reserve of the rights of the bank, however.
Finally, contributions having been called by the bank on the *732 shares and payment having been demanded of the amount due on the loan and no payment being made, the bank brought, in 1886, the present suit, to enforce her rights.
The defences set up by the heirs are not well founded. The claims of the bank are extinguished neither by confusion nor by prescription, unless partially.
1. The ownership of the property and stock never was acquired by the bank.
The fee never was divested from the confiseatee. It continued to reside in him, without any' right of control, utendi, fruendi vel abutendi, notwithstanding the condemnation and confiscation, until his death, when it passed by inheritance to his heirs. Lang’s case, 18 Wall. 117; Marmard’s case, 20 Wall. 114; Bosworth’s case, 738 U. S., p. 92.
While providing for the confiscation of the property, the law would not leave in the owner an interest susceptible of being sol'd, and with the proceeds of which he could continue in his resistance. See Borland’s case, 4 Mason 174.
It is only upon the theory that the fee is not divested, that anterior creditors are permitted to enforce their claims contradictorily with the debtor or his representative, and that it passes by inheritance to the heirs.
That which was condemned and passed to the bank was the life estate of the confiseatee.
The sale of the ownership of the property and of the stock by the bank to Hyams, Jr., was an empty and idle ceremony. As the bank had no title to the naked ownership, the sale was that of another’s-property, and so a nullity. R. O. C. 2542. That which the bank conveyed was the life estate or usufruct which it had acquire!, nothing more.
The intervention of H. M. Hyams in the act, and Ms ratification of what was thereby proposed to be done, had no legal meaning or effect.
Although it be true that the fee was not divested from H. M. Hyams by the confiscation, it is no less so that he had no right whatever to control it or dispose of the same in any manner, directly or indirectly. So that, what he then did, or nothing, amounted to the same. Th& fee continued to dwell in him until he died. Ill. C. R. R. *733 Co. vs. Bosworth, 133 U. S., p. 92; Avegno vs. Schmidt, 113 U. S. 293-800; Shields vs. Shift, 124 U. S., p. 352.
When the bank sued Hyams, Jr., and became the adjudicates at the sale, what passed to it was that which it had previously conveyed to him, and which it had acquired at the condemnation sale, the life estate or usufruct.
Finally, at the death of H. M. Hyams, the life estate having determined, and the/ee which was in him having passed to his heirs from him, these became the owners of the property and shares, such as the same stood, cum onere. So that it is apparent that the bank never having united the qualities of creditor and debtor, its claims were not extinguished by confusion. R. C. C. 2217.
2. The defence of prescription can not avail, in every respect. The stock contributions could not be prescribed against until the same had been called.
There was one for §584 called for in December, 1873. All the others were called for in December, 1876, and subsequently, within the ten years preceding the institution of this suit, in July, 188G.
The call for the contribution of §584 is prescriptible, and was barred by the prescription of ten years, at the bringing of the action. This reduces the amount claimed to §2588. R. C. O. 3544.
The possession of the pledge was a constant recognition of the debt, which prevented prescription from even beginning to run.
It is not the contract, or act of pledge, that interrupts prescription; but it is the detention of the thing pledged. Such possession is a constant renunciation of prescription, every instant that it begins to run. Mareade 7, 205; Troplong Prescx. 65, 75, 254, 534, 618, 628; 21 An. 128; 22 An. 107, 117; 23 An. 293; 10 Otto 450; Conger vs. New Orleans, 32 An. 1253.
Under the terms of Section 24 of the charter of the bank, and even under the general law, the bank had a right to press and enforce the claims herein set np against the heirs, via ordinaria, even if they were third persons. The charter formed part of the contract, as though it had been incorporated into it.' Under its provisions, the bank could pursue the property, regardless of any alienation, in ihe hands of any possessor holding by any title, just as it could have done had it possessed against the original mortgágor and debtor. A fortiori had it such right, when the property was in the hands of the heirs of such debtor, without being subjected to pursue the forms *734 and endure the delay of a hypothecary action, to which it was relegated by the lower court.
The bank however can not hold the defendants liable as unconditional, but as beneficiary heirs only. As such they are not responsible beyond the assets of their author. C. P. 734; R. C. C. 1058; 7 R. 500; 7 An. 319; 25 An. 628; 33 An. 1444; 34 An. 998; H. D. 1469.
The child is prohibited from taking the father’s property unless he pays the father’s debts. 31 An. 450; 34 An. 117.
The amount of contributions due is $2588, with interest, and that of the stock note reduced by credits is $5600, with interest.
The stock is secured by mortgage on the property described in the petition and the stock note is secured by the pledge of the stock and the mortgage guaranteeing the shares.
It is, therefore, ordered and decreed that -the judgment appealed from be reversed and that there now be judgment in favor of the' plaintiff, the Citizen» Bank, and against the defendants as beneficiary heirs of Henry M. Hyams and without liability beyond the assets of his succession, to-wit:
Clarence D. Spriggs, Mrs. Bettie M. Hyams, wife of Andrus H. Butler, Josiah Chambers, tutor of Daisy Hyams, Emma Hyams, Lelia A. Hyams, represented herein by her tutor and curator ad hoc, W. R. Rutland, executor of Henry M. Hyams, Jr., and tutor of his minor children, Laura R., Judith L. Rutland, Nellie C., Augusta M. and Edith C. Hyams, and
It is ordered and decreed that the Citizens Bank is entitled to' seize and sell the property described in its petition and in the act of mortgage of Henry M. Hyams to the Citizens Bank of date 23d of October, 1860, passed before Felix Grima, and to seize and sell also' the 277 shares of the capital stock of the said bank, owned by said Henry M. Hyams, to pay and satisfy the loan debt, contracted by the late Henry M. Hyams, Sr., to-wit: $5600, with 10 per cent, interest from July 1, 1886, and to pay and satisfy also the stock debt due to the bank of $2588, with 8 per cent, interest upon $156 thereof from the 1st of December, 1876, and on $156 thereof from the 1st of December, 1877, and on $584 thereof from the 1st of December, 1881, and on $584 thereof from the 1st of December, 1882, and on $584 thereof from the 1st of December, 1883, and on $544 thereof from the 1st of December, 1884, and on $584 thereof from the 1st of December, 1885, and costs, and the said mortgage in favor of *735 the bank, to secure the payment of said debts, is hereby recognized and decreed to exist upon the aforesaid mortgaged property described in the petition and in the act of mortgage aforesaid, and the privilege upon said shares of stock, to secure payment of said debts, is also recognized and decreed to exist upon said stock, and the mortgage accorded by said act to secure the stock debt of the bank of $26,028 not due, but liable to be called for under the charter of the bank and the laws relative thereto, is hereby recognized and decreed to exist upon the aforesaid property, is to be assumed by the purchaser of the property, and to subsist thereon until final payment.
It is further ordered that the plaintiff and appellant recover cost in both courts.